# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE BLAZEK, an individual, | CASE NO. 09cv1509 BTM(BLM) |
| Plaintiff, | **ORDER REMANDING ACTION** |
| v. | |
| ADESA CALIFORNIA, LLC, a Limited Liability Company, PAR NORTH AMERICA, a business entity, TIM DeBERRY, an individual, ROBERT GUERRERO, an individual, and DOES 1 through 25, Inclusive, | |
| Defendants. | |

Defendant PAR, Inc. ("PAR") removed this action on July 13, 2009.  For the reasons discussed below, the Court **REMANDS** the action.

## I. BACKGROUND

On May 20, 2009, Plaintiff filed her Complaint in the Superior Court of the State of California. In her Complaint, Plaintiff alleges that she was employed by Defendants ADESA California, LLC ("ADESA California") and PAR as a Business Development Manager. (Comp. ¶¶ 21-22.)  Plaintiff alleges that she was sexually harassed by Tim DeBerry and Robert Guerrero, employees of Defendants ADESA California and PAR, and that she was subsequently wrongfully terminated.  (Compl. ¶¶ 24-39.)  Plaintiff asserts claims under

California law for gender discrimination, discrimination based on a medical condition, termination in violation of public policy, and intentional infliction of emotional distress.

On July 13, 2009, PAR removed the action to federal court. In its Notice of Removal, PAR indicated that the Court had removal jurisdiction over the action under 28 U.S.C. § 1332. PAR argued that the California citizenship of ADESA California should be disregarded because ADESA California was fraudulently joined. According to declarations filed in support of the Notice of Removal, the records of ADESA California and PAR show that Plaintiff was employed by PAR, not ADESA California. (Beckman Decl. ¶ 2; Rivera Decl. ¶ 2.) DeBerry was a Regional Vice President for ADESA, Inc. (which is not named as a defendant in this action), and Guerrero was employed as a Director of National Sales for Insurance Auto Auctions, Inc. (DeBerry Decl. ¶ 1, Guerrero Decl. ¶ 1.) According to Michelle Mallon, Vice President of Legal of ADESA, Inc., and Vice President and Secretary of PAR, PAR is a subsidiary of ADESA, Inc., as is ADESA California. (Mallon Decl. ¶ 3.) Mallon states, "Par, Inc. and ADESA California, LLC operate independently of each other and do not jointly employ any employees." (Id.)

On July 17, 2009, ADESA California filed a motion to dismiss on the ground that the Complaint does not establish that ADESA California was Plaintiff's employer.

## II. DISCUSSION

Removal jurisdiction in this case is dependent on PAR's contention that ADESA California is a sham defendant. As discussed below, the Court finds that PAR has not satisfied its burden of establishing that ADESA California was fraudulently joined.

There is a presumption against finding fraudulent joinder, and the burden of proving fraudulent joinder is a heavy one. Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1007 (N.D. Cal. 2001). Joinder is considered fraudulent only "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). The removing party must prove that "there is absolutely no possibility that the plaintiff

will be able to establish a cause of action against the in-state defendant in state court." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983).

Courts may consider affidavits or other evidence in determining whether the joinder was fraudulent. Plute, 141 F. Supp. 2d at 1008. However, all disputed questions of fact and all ambiguities in the controlling state law must be resolved in favor of the non-removing party. Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992).

Defendants have produced evidence that Plaintiff was officially employed by PAR, not ADESA California. However, there are several theories under which a corporate entity separate from the corporate entity that officially employs the plaintiff may be deemed the plaintiff's employer as well. Under the "integrated enterprise" test, courts consider the factors of (1) interrelations of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control, to determine whether separate corporate entities should be deemed a single employer. Laird v. Capital Cities/ABC, Inc., 68 Cal. App. 4th 727, 737 (1998). Corporate entities may also be considered "joint employers" under certain circumstances.[1] Finally, an entity acting as an agent of the employer may be held liable as an employer under FEHA. See Troisi v. Cannon Equipment Co., 2009 WL 249789 * 7 (C.D. Cal. Jan. 30, 2009).

In her declaration, Michelle Mallon states, "PAR, Inc. and ADESA California, LLC operate independently of each other and do not jointly employ any employees." (Mallon Decl. ¶ 3.) However, the Court is not willing to conclude from this bare statement that there

---

[1] In determining whether a defendant is a joint employer, courts consider the totality of the circumstances reflecting upon the nature of the work relationship of the parties, with emphasis on the extent to which the defendant controls the plaintiff's performance of employment duties. Vernon v. State, 116 Cal. App. 4th 114, 124 (2004). Factors to be taken into account include "payment of salary or other employment benefits and Social Security taxes, the ownership of the equipment necessary to performance of the job, the location where the work is performed, the obligation of the defendant to train the employee, the authority of the defendant to hire, transfer, promote, discipline or discharge the employee, the authority to establish work schedules and assignments, the defendant's discretion to determine the amount of compensation earned by the employee, the skill required of the work performed and the extent to which it is done under the direction of a supervisor, whether the work is part of the defendant's regular business operations, the skill required in the particular occupation, the duration of the relationship of the parties, and the duration of the plaintiff's employment." Id. at 125.

is *no possibility* that Plaintiff can establish that ADESA California is her employer. Similarly, although Joe Mappes, in his Declaration in support of ADESA California's Reply, states that no ADESA California, LLC employees were involved in the decisions regarding Plaintiff's employment or the day-to-day conditions of her employment, the Court declines to conclude that Plaintiff will not be able to show otherwise after conducting discovery.

In her opposition to the motion to dismiss, Plaintiff submits evidence that her offer letter was on "ADESA" letterhead and indicated, "We are excited about this opportunity and look forward to having your talents improve ADESA." (Pl.'s Ex. B.)  The address listed on the bottom of the letter is the same address listed for ADESA California, LLC, on the California Business Portal (Pl.'s Ex. C.)   At least one of Plaintiff's checks was issued by "ADESA San Diego." (Pl's Ex. D.)  The address listed on the California Business Portal for ADESA San Diego, LLC, is the same as ADESA California's.  How all of the ADESA entities relate to PAR and each other cannot be determined by the Court at this time.

Based on the record before it, the Court cannot foreclose the possibility that Plaintiff will be able to show that ADESA California should be held liable as Plaintiff's employer. Therefore, the Court does not consider ADESA California to be a sham defendant, resulting in the lack of diversity of citizenship.

### III. CONCLUSION

For the reasons discussed above, the Court finds that Defendant PAR has not carried its burden of establishing that the Court has removal jurisdiction over this action.  Therefore, the Court **REMANDS** the action to the Superior Court of the State of California, San Diego County.

**IT IS SO ORDERED.**

DATED: September 4, 2009

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge